IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                               4:11-CR-00210-01-JM

DEMETRIUS COLBERT

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 442) is DENIED.

**I.   BACKGROUND**

On June 6, 2014, a jury convicted Defendant of several crimes, including possession with intent to deliver cocaine and crack cocaine, use of a phone in furtherance of a drug-trafficking crime, felon in possession of a firearm, assault on a federal officer, and discharge of a firearm during a drug-trafficking crime.[1] On February 5, 2015, he was sentenced to life in prison, plus a consecutive ten years for shooting an FBI agent.[2]

**II.   DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

---

[1] Doc. No. 303.

[2] Doc. Nos. 369, 371.

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

1

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4] Defendant requested compassionate release from the warden, and that request was rejected on September 9, 2020.  However, it does not appear that Defendant appealed the denial, which means he has not exhausted his administrative remedies.  Accordingly, Plaintiff's motion is premature and this Court lacks jurisdiction.

Even if this Court had jurisdiction, the request would be denied.  In support of his motion, Defendant asserts that he has hypertension and high cholesterol, which put him at a higher risk of suffering from COVID-19.  First, these health conditions are not "extraordinary and compelling" reasons to support Defendant's release.  Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5]  Defendant's health conditions are not listed.  Furthermore, Defendant has provided neither evidence nor argument that his health conditions are severe enough to prevent him from independently functioning within the prison or that they cannot be controlled with medication.  Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are

---

[4]See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

[5]Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1.  The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

not extraordinary or compelling enough reasons for release."[6]  Third, Defendant is 45 years old and has served only nine years of his life sentence, so he does not meet the minimum-age or time-served requirements under the under the Guidelines.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Defendant has five prior convictions, which include battery and three conviction for possession of a controlled substance, which is the same behavior as the instant office.

The severity of the offense also must be considered.  Defendant and seven co-defendants were involved in trafficking drugs and guns.  Defendant was obtaining kilogram quantities of cocaine and crack cocaine from multiple suppliers.  On October 11, 2011, Defendant, who was a convicted felon at the time, shot an FBI agent in the leg when the agent was trying to execute a warrant. During a search of the residence, law enforcement found a .40 caliber handgun, plastic bags of cash in the dryer, a black duffel bag full of cash, and six cell phones.  Ultimately, the agents seized $140,784 in cash and $32,750 in jewelry and Defendant was held responsible for distributing 200 kilograms of cocaine and 21 kilograms of crack cocaine.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 442) is DENIED.

IT IS SO ORDERED, this 12th  day of January, 2021.

_____
UNITED STATES DISTRICT JUDGE

---

[6]*United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).